IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA OLSEN, on behalf of herself and all others similarly situated, and TERI R. SMITH, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> NELNET, INC., a Nebraska Corporation, NELNET DIVERSIFIED SOLUTIONS, LLC, a Nebraska limited liability company, and NELNET SERVICING LLC, a Nebraska limited liability company, <br><br> Defendants. | 4:18-CV-3081 <br><br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the defendants' motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (filing 46), issues determined in this Court's Memorandum and Order of May 21, 2019 (filing 45) granting in part and denying in part the defendants' motion to dismiss (filing 39). For the reasons that follow, the Court will deny the defendants' motion.

I. STANDARD OF REVIEW

"Permission to allow interlocutory appeals should be granted sparingly and with discrimination." *Union Cty, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008). The movant for certification bears the heavy burden of demonstrating that the case is the exceptional one in which immediate appeal is warranted. *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). It has long been the policy of courts to discourage piece-meal appeals because

such appeals often result in additional and unnecessary burdens on the court and litigants. *Union Cty, Iowa,* 525 F.3d at 646. Permission to allow an interlocutory appeal is intended to be used only in the extraordinary cases, where resolution of the appeal might avoid protracted and expensive litigation. *Id.* Section 1292(b) interlocutory appeals are not intended merely to provide review of difficult rulings in hard cases. *Id.*

Section 1292(b) establishes three criteria for certification: The Court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. *White,* 43 F.3d at 377.

## II. DISCUSSION

### 1. BREACH OF CONTRACT CLAIMS

The first issue the defendants identify for certification is whether the plaintiffs may remedy claimed Higher Education Act violations by asserting various breach of contract claims. Filing 47 at 2. But the Court concluded that the plaintiffs' amended complaint did not allege a cause of action to remedy alleged Higher Education Act violations, and deemed the defendants' argument in this regard as a straw man. Filing 45 at 7. The plaintiffs allege that they were the third-party beneficiaries of the loan servicing contract between the defendants and the Department of Education, and that the defendants breached that contract. Filing 45 at 7-8. The Higher Education Act's regulations functioned only as the contractual duties the defendants owed to the third-party beneficiaries. Filing 45 at 8. Accordingly, the plaintiffs' amended complaint did not allege a cause of action to remedy violations of the Higher Education Act, but alleged a cause of action to remedy the defendants' breach of the loan servicing contract.

The defendants seem to imply that a controverted issue in this matter is whether the Higher Education Act provides for a private right of action to enforce its regulations—but a private right of action is not what the plaintiffs alleged in their amended complaint. Filing 47 at 3-4. Again, the plaintiffs allege a contract breach, not the right to enforce the Higher Education Act's regulations. The defendants' straw man argument cannot function as a controlling issue of law upon which there is a substantial ground for difference of opinion. Nor do the defendants identify a substantial ground for difference of opinion when they cite this Court to cases that only concern private parties seeking to enforce the Higher Education Act, instead of cases where a private party alleges a breach of contract with the Higher Education Act's regulations functioning as the contractual provisions that were allegedly breached.

The defendants also seek interlocutory review of this Court's finding that the plaintiffs alleged a plausible claim that they may be considered third-party beneficiaries of the loan servicing contract, and report that only one out-of-circuit case could be found addressing a student loan borrower's invocation of third-party beneficiary status. Filing 47 at 5. But the absence of caselaw does not constitute substantial ground for difference of opinion. *See Union Cty., Iowa,* 525 F.3d at 647. Further, the case cited by the defendants held that a pro se plaintiff's second amended complaint failed to plausibly allege that the defendants owed the plaintiff a duty. *Johnson v. Affiliated Computer Servs., Inc.,* 3:10-CV-2333, 2011 WL 4011429, at \*7 (N.D. Texas Sept. 9, 2011). That court did not determine that a loan servicing agreement—such as the one alleged to exist between the defendants and the Department of Education in the matter before this Court—failed to show that the plaintiff was a third-party beneficiary.

The Court is not of the opinion that its order regarding the plaintiffs' breach of contract claims involves a controlling question of law where there is a substantial ground for a difference of opinion.

2. RETROACTIVE APPLICATION OF 34 C.F.R. § 685.221(e)(8)

Regulations specific to the Department of Education's income-based repayment plan are found at 34 C.F.R. § 685.221. As it currently exists, § 685.221(e) is titled "Eligibility documentation, verification, and notifications." Section 685.221(e)(8) delineates the Secretary's duties, obligations, and responsibilities regarding the annual redetermination of a borrower's eligibility for participation in an income-driven repayment plan and the adjustments that may be necessary if there is a change in the borrower's monthly repayment obligation. The plaintiffs alleged that the defendants were assigned the Secretary's loan servicing duties, which required the defendants to administer their income-driven repayment plan renewal applications consistent with the pertinent regulations. Filing 37 at 17-18. The plaintiffs allege that one such regulation is § 685.221(e)(8). Filing 37 at 10-12.

In their motion to dismiss, the defendants argued that the plaintiffs executed their promissory notes in 2004, but § 685.221 did not take effect until 2009. Filing 40 at 15. Thus, according to the defendants, the plaintiffs seek to retroactively impose regulatory changes and thereby modify the terms of the plaintiff's promissory notes. Filing 47 at 6. This Court concluded that the plain language found in § 685.221(a)(2)—that eligible loans mean any outstanding loan made to a borrower—demonstrated that § 685.221 was intended to apply retroactively to existing loans. Filing 45 at 12.

The defendants now seek leave for interlocutory review of the Court's conclusion. In support, the defendants argue that the Court's conclusion is

4

subject to "substantial disagreement" because the defendants could not "locate any precedent for applying § 685.221 or any of its subsections retroactively." Filing 47 at 7. But again, the absence of caselaw does not constitute substantial ground for difference of opinion. *See Union Cty., Iowa,* 525 F.3d at 647. The Court's interpretation of the plain language of § 685.221(a)(2) hardly makes this matter the kind of extraordinary case requiring interlocutory appeal. *See Union Cty, Iowa,* 525 F.3d at 646. In fact, it is arguable whether the Court's interpretation of § 685.221(a)(2) would even qualify as a difficult ruling in a hard case—which also would not entitle the defendants to an interlocutory appeal. *Id.* At its core, this is a breach of contract case with issues concerning the plaintiff's capacity to sue as a third-party beneficiary, and the defendants' capacity to be sued as an assignee of the Department of Education's duties under a promissory note. Those issues are not particularly extraordinary.

3. PREEMPTION OF NEGLIGENT MISREPRESENTATION CLAIMS

The defendants argue that the Court's conclusion that the plaintiffs' negligent misrepresentation claims were not expressly preempted by 20 U.S.C. § 1098g of the Higher Education Act is subject to substantial disagreement. Filing 47 at 9. Section 1098g provides, in pertinent part, that loans made, insured or guaranteed pursuant to the Higher Education Act shall not be subject to any disclosure requirements of any State law. The disclosure that the defendants argue is preempted concerns the plaintiffs' allegations that the defendants negligently misrepresented the plaintiffs' monthly payment obligations and account balances after the timely submission of their income-driven repayment plan renewal applications. Filing 47 at 10; filing 40 at 22-24.

5

The defendants' argument that there is substantial ground for a difference of opinion relies on cases where state statutory remedial schemes were preempted by the Higher Education Act's regulatory scheme. For example, in *Chae v. SLM Corp.*, 593 F.3d 936 (9th Cir 2010), the plaintiffs alleged that Sallie Mae misled borrowers about its practices, which the Court of Appeals concluded were restyled improper disclosure claims. The plaintiffs' improper disclosure claims were made pursuant to the California Unfair Competition Law and Consumer Legal Remedies Act. The Ninth Circuit held that those claims were expressly preempted by the Higher Education Act. And other non-statutory claims that were not expressly preempted, conflicted with the Department of Education's goal of regulatory uniformity, and as such, were also preempted. *Id.* at 943-50. The *Chae* court's ultimate conclusion was "subjecting the federal regulatory standards to the potentially conflicting standards of fifty states on contract and consumer protection principles would stand as a severe obstacle to the effective promotion of the funding of student loans." *Id.* at 950.

However, the *Chae* court, citing *College Loan Corp. v. SLM Corp.*, 396 F.3d 588 (4th Cir. 2005), distinguished claims made pursuant to state statutory schemes from claims made pursuant to contractual relationships between lenders. *Chae* 593 F.3d at 946. The distinction the Court of Appeals articulated concerned the imposition of a state-law statutory scheme verses the enforcement of existing contractual duties. The Court of Appeals concluded actions to enforce a contract would not undermine the federal regulations and posed no threat to the goal of regulatory uniformity. *Id.* And a second distinction recognized by the *Chae* line of cases cited by the defendants concerned actions to vary the disclosures required by the Higher Education Act versus actions to enforce rights that did not vary the Act's requirements.

6

Claims consistent with the requirements of the Higher Education Act are not preempted. *See Daniel v. Navient Solutions, LLC*, 328 F. Supp. 3d 1319, 1324 (M.D. Fla. 2018).

But here, the plaintiffs' claims are based in tort and breach of contract. They allege that the defendants made negligent misrepresentations in the course of administering the plaintiffs' income-driven repayment applications. The plaintiffs' claims are not the kind of claims the *Chae* court concluded were expressly preempted, or preempted by conflict, with the Higher Education Act's goal of regulatory uniformity. The defendants' reliance on caselaw that does not speak to the kind of claims at issue in this matter does not give rise to substantial ground for a difference of opinion regarding this Court's conclusion that the plaintiffs' negligent misrepresentation claims were not preempted by the Higher Education Act's regulatory scheme.

## III. CONCLUSION

The Court is not of the opinion that the defendants have identified a controlling question of law in the Court's Memorandum and Order of May 21, 2019, (filing 45), as to which there is substantial ground for difference of opinion, such that an immediate appeal from this Court's order may materially advance the ultimate termination of the litigation. This Court previously considered only whether these two plaintiffs' amended complaint stated plausible claims for relief—nothing more than that. At this very preliminary stage of the proceedings, this matter is not an exceptional case where an immediate appeal is warranted. An interlocutory appeal now, where the issues are not yet fully joined, the defendants have not entered their denials or assertions of avoidances and affirmative defenses, and where no evidence has been produced, would promote piecemeal litigation and impose unnecessary burdens on the litigants, as well as on this and other courts.

IT IS ORDERED that the defendants' motion to certify issues for interlocutory appeal (filing 46) is denied.

Dated this 18th day of July, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge