# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA OLSEN, and TERI R. SMITH, on behalf of themselves and the Class Members described herein;<br><br>Plaintiffs,<br><br>vs.<br><br>NELNET, INC., a Nebraska Corporation; NELNET DIVERSIFIED SOLUTIONS, LLC, a Nebraska limited liability company; and NELNET SERVICING, LLC, a Nebraska limited liability company;<br><br>Defendants. | 4:18CV3081<br><br>**AMENDED<br>CASE PROGRESSION ORDER** |

A telephone conference was held on December 10, 2019, with counsel for the parties concerning Plaintiff's Motion to Extend Discovery Schedule (Filing No. 79). In accordance with the matters discussed during the conference, the Court finds good cause to grant the requested extensions. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Extend Discovery Schedule (Filing No. 79) is granted and the final progression order is amended as follows:

1) The deadline for the *completion* of initial discovery is **January 31, 2020**.

2) The deadline to complete one Rule 30(b)(6) deposition of defendants is **February 21, 2020**.

3) A status conference to further discuss case progression will be held with the undersigned magistrate judge on **February 28, 2020,** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4) The deadlines to complete expert disclosures[1] for all experts on class certification issues, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

> For the plaintiffs: **March 10, 2020**
> For the defendants: **May 11, 2020**
> Plaintiff's rebuttal: **May 29, 2020**

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

5)     Motion to Certify a Class Action.

    a. Any motion to certify this case as a class action shall be filed by **May 11, 2020**, in the absence of which any claim in the pleadings that this is a class action shall be deemed abandoned, and the case shall proceed, for purposes of Fed. R. Civ. P. 23, as if a motion for class certification had been filed and denied by the Court.

    b. Defendants shall file their response to Plaintiffs' class certification motion by **August 12, 2020**.

6)     The deposition deadline for class certification expert witnesses is **July 13, 2020**.

7)     The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 11th day of December, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge